# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS MONAHAN, | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| MASSACHUSETTS BAY COMMUTER RAIL COMPANY, LLC. a/k/a MBCR, | |
| and | |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY a/k/a MBTA, | |
| and | |
| KEOLIS COMMUTER SERVICE, LLC a/k/a KCS, | |
| Defendants. | |

## **COMPLAINT**

Plaintiff Dennis Monahan, by his undersigned counsel, for his Complaint against defendants Massachusetts Bay Commuter Rail Company, LLC, Massachusetts Bay Transportation Authority, and Keolis Commuter Service, LLC, avers the following:

## **THE PARTIES**

1. Plaintiff Dennis Monahan is an adult individual residing at 11 Gallup Drive, Chelmsford, MA 01824.

2. Defendant Massachusetts Bay Commuter Railroad Company, LLC ("MBCR"), is and was at all times material hereto a Limited Liability Company duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the City of Boston, MA.

3. Defendant Massachusetts Bay Transportation Authority ("MBTA") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 10 Park Plaza, Boston, Massachusetts, 02116.

4. Defendant Keolis Commuter Service, LLC ("KCS") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 470 Atlantic Avenue, Boston, MA 02210.

### NATURE OF THE ACTIONS, JURISDICTION AND VENUE

5. Mr. Monahan's causes of action against MBCR, MBTA and KCS arise under the Act of Congress of April 22, 1908, 35 Stat. 65, Chapter 149, and amendments thereto, codified at 45 U.S.C. Section 51 et seq., and commonly known as the Federal Employers' Liability Act (the "FELA").

6. This Court has federal question jurisdiction over Mr. Monahan's FELA action pursuant to 28 U.S.C. §1331.  This Court also has jurisdiction over Mr. Monahan's FELA action pursuant to 45 U.S.C. Section 56, which vests the State and Federal Courts with concurrent jurisdiction over FELA claims.

7. This Court has personal jurisdiction over MBCR, MBTA and KCS. The accident at issue occurred in Massachusetts and MBCR, MBTA and KCS' contacts with Massachusetts are so continuous and systematic as to render MBCR, MBTA and KCS essentially "at home" in Massachusetts, within the meaning of *BNSF Railway Co. v. Tyrell*, 137 S.Ct. 1549 (2017).

8. Venue is appropriate pursuant to 28 U.S.C. §1391(b)(1) and (c). MBCR, MBTA and KCS are subject to personal jurisdiction here and so reside in the District of Massachusetts.

## COUNT I
## DENNIS MONAHAN V. KEOLIS
## FEDERAL EMPLOYERS' LIABILITY ACT

9. Mr. Dennis Monahan hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 8, hereinabove.

10. Defendant KCS was, at the time of the accident and injuries herein alleged, and is now, doing business within the jurisdiction of this Court as an interstate common carrier of passengers for hire by rail into and from Massachusetts.

11. At the time of the accident and injuries herein alleged, Mr. Monahan was employed by defendant KCS as a welder and was working in furtherance of interstate commerce and transportation by railroad.

12. At all times hereto, KCS owed a duty to its employees, including Mr. Monahan, to act as a reasonable employer to provide Mr. Monahan with a safe place to work.

13. At all times material hereto, defendant Keolis operated locomotives, railcars and/or trains owned and /or maintained by defendant MBTA.

14. On or about September 25, 2017, while performing his duties as a welder out of Westborough, MA, Keolis failed to provide Mr. Monahan with a truck that had an automatic lift gate to lift heavy tools and equipment, and so Mr. Monahan was required manually to lift a 50 pound wiz saw onto the back of the crane truck, causing him to sustain injuries to his left shoulder.

15. As a result of the accident, Mr. Monahan suffered tears of the rotator cuff of the left shoulder, necessitating surgery, injection and physical therapy.

16. Mr. Monahan's accident and injuries were caused by KCS' negligent violation of the Federal Employers' Liability Act in that KCS, through its agents, servants and employees:

    (a) Failed to use ordinary care to furnish Mr. Monahan with a reasonably safe place to work and to perform the duties of his employment;

    (b) Failed to provide a truck with a lift;

    (c) Failed to train Mr. Monahan to perform his job tasks safely;

    (d) Failed to enact and enforce adequate safety rules, methods and procedures; and

    (e) Failed to supervise and oversee Mr. Monahan in the performance of his job duties.

17. On September 25, 2017, Mr. Monahan presented to the emergency room at Emerson Hospital with pain in his left shoulder. On examination, Mr. Monahan exhibited tenderness with gentle palpation to the anterior and posterior of the left shoulder and unable to abduct his shoulder. X-rays were taken and Mr. Monahan was discharged with a sling, pain medication and instructions to follow up with an outpatient orthopedic.

18. On September 28, 2017, Mr. Monahan was evaluated by Dr. Alan Curtis at Boston Sports and Shoulder Center, LLC for ongoing left shoulder pain. Dr. Curtis noted that Mr. Monahan continued to experience pain with inability to move his arm and a positive drop arm test. Dr. Curtis diagnosed him with an acute left shoulder injury and ordered and MRI.

19. On October 1, 2017, Mr. Monahan underwent an MR of his left shoulder at Shields MRI at Lowell General Hospital.

20. Mr. Monahan returned to Dr. Curtis on October 2, 2017 to review the result of his MRI, which showed large tears of the supraspinatus and upper infraspinatus tendons. The doctor noted that Mr. Monahan continued to experience pain in his left shoulder with weakness with external rotation. Surgery was scheduled.

21. On October 16, 2017, Mr. Monahan underwent arthroscopic surgery of the left shoulder, involving extensive debridement of anterior, superior and posterior labral tears, release and debridement of adhesions, biceps subacromial decompression, and rotator cuff repair performed by Dr. Alan Curtis at Boston Out-Patient Surgical Suites, LLC.

22. Mr. Monahan returned to Dr. Alan Curtis on October 23, 2017 for his first post-operative visit. Upon examination, the doctor removed the sutures and applied steri strips. It was recommended for Mr. Monahan to begin physical therapy and to follow up in a month.

23. On October 31, 2017, Mr. Monahan began a course of physical therapy at Select Physical Therapy. He attended approximately 36 sessions prior to being discharged on April 2, 2018.

24. Mr. Monahan was seen again by Dr. Curtis on November 21, 2017 and December 1, 2017. Dr. Curtis noted that Mr. Monahan experienced increased pain going down the biceps after physical therapy treatment.

25. On January 18, 2018 and March 2, 2018, Mr. Monahan returned to Dr. Alan Curtis for follow care. Dr. Curtis recommended that he continue with physical therapy with work conditioning for 4 to 6 more weeks.

26. Mr. Monahan's next follow up visit to Dr. Curtis was on April 10, 2018. It was noted that he completed the work conditioning and was released to return to full duty work. Mr. Monahan followed up with Dr. Alan Curtis on June 14, 2018 and was advised to return in 3 months.

27. Mr. Monahan returned to Dr. Curtis on September 13, 2018. It was noted that he had a stroke in June which affected his left side. Dr. Curtis imposed a twenty-pound lifting restriction to the left shoulder, along with no overhead use, and directed Mr. Monahan to begin physical therapy and to return in 6 weeks.

28. On October 8, 2018, Mr. Monahan began a second course of physical therapy at Select Physical Therapy. He attended 5 sessions before being discharged on January 8, 2019.

29. On November 29, 2018, Mr. Monahan was again seen by Dr. Curtis for pain and weakness in the left shoulder especially with overhead movement.  Dr. Curtis ordered an MRI and to follow up after.

30. Mr. Monahan retuned to Dr. Curtis on February 7, 2019 with ongoing difficulties with left shoulder reaching to the side and overhead movements.  Dr. Curtis reviewed the MRI taken on December 26, 2018, which showed evidence of a 1cm non-healing or an acute re-tear of the leading edge of the supraspinatus tendon.  Dr. Curtis referred Mr. Monahan to Dr. Jason Rand to get a platelet rich protein injection (PRP) to decrease the pain and help quickly heal the re-tear of the rotator cuff.  He was advised to continue to lift only 20 pounds and no overhead use.

31. On June 27, 2019, Mr. Monahan saw Dr. Curtis for a final visit.  It was noted that Mr. Monahan benefited from the injection and he was advised to returned as needed.

32. All of the above-described injuries and treatment were caused and necessitated by KCS' negligence as averred above.

33. As a further result of defendant KCS' negligence as averred above, Mr. Monahan has in the past and will incur in the future substantial medical expenses.

34. As a further result of defendant KCS' negligence as averred above Mr. Monahan has endured and will continue to endure serious physical and emotional pain, stress, suffering, immobility and inconvenience.

35. As a further result of KCS' negligence as averred above, Mr. Monahan was unable to work from September 25, 2017 through May 1, 2018, causing him to suffer lost wages and benefits.

**WHEREFORE**, Plaintiff Dennis Monahan demands judgment in his favor and against defendant Keolis Commuter Service, LLC, in an amount in excess of $75,000.00, together with costs, interest and any further relief deemed appropriate by the Court and jury.

## COUNT II
## DENNIS MONAHAN V. MBCR
## (IN NEGLIGENCE)

36. Mr. Monahan hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 35, hereinabove.

37. At all times material hereto, defendant MBCR provided public transportation through its commuter rail lines.

38. Mr. Monahan's accident, injuries and damages were caused by MBCR's negligence in the following respects:

    (a) Failed to use ordinary care to furnish Mr. Monahan with a reasonably safe place to work and to perform the duties of his employment;

    (b) Failed to provide a truck with a lift;

    (c)    Failed to train Mr. Monahan to perform his job tasks safely;

    (d)    Failed to enact and enforce adequate safety rules, methods and procedures; and

    (e)    Failed to supervise and oversee Mr. Monahan in the performance of his job duties.

**WHEREFORE**, Plaintiff Dennis Monahan demands judgment in his favor and against defendant Massachusetts Bay Commuter Rail Company, LLC, in an amount in excess of $75,000.00, together with costs, interest and any further relief deemed appropriate by the Court and jury.

## COUNT III
### DENNIS MONAHAN V. MBTA
### (IN NEGLIGENCE)

39.    Mr. Monahan hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1 through 38, hereinabove.

40.    At all times hereto defendant MBTA provided public transportation through its commuter rail lines to defendant KCS.

41. Mr. Monahan's accident, injuries and damages were caused by MBTA's negligence in the following respects:

 (a) Failed to use ordinary care to furnish Mr. Monahan with a reasonably safe place to work and to perform the duties of his employment;

 (b) Failed to provide a truck with a lift;

 (c) Failed to train Mr. Monahan to perform his job tasks safely;

 (d) Failed to enact and enforce adequate safety rules, methods and procedures; and

 (e) Failed to supervise and oversee Mr. Monahan in the performance of his job duties.

**WHEREFORE**, Plaintiff Dennis Monahan demands judgment in her favor and against defendant Massachusetts Bay Transportation Authority in an amount in excess of $75,000.00, together with costs, interest and any further relief deemed appropriate by the Court and jury.

**A jury trial is demanded.**

By: /s/ William L. Myers, Jr.
William L. Myers, Jr., Esquire
(BBO No. 666006)
The Myers Firm
1515 Market Street, Suite 810
Philadelphia, PA 19102
(215) 988-1229

One Boston Place, 26th Floor
Boston, MA 02108
(888) 290-6888
bill@mflaw.com

(*Attorneys for Plaintiff Dennis Monahan*)